United States District Court
Middle District of Florida
Jacksonville Division

**JOWANDA JACKSON**,

    *Plaintiff*,

V.                                      No. 3:20-CV-1441-BJD-PDB

**MARIA D'S, INC.**, etc.,

    *Defendants.*

---

# Order

In this action under the Fair Labor Standards Act (FLSA), the defendants (other than the Doe defendants) filed an answer and forty-eight defenses. Doc. 11. The plaintiff moves to strike twenty-four defenses. Doc. 13. The defendants have no opposition to striking thirteen defenses and agree to abandon them but oppose striking the remaining eleven defenses. Doc. 13 at 2, Doc. 14.

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it is patently frivolous or clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). "Motions to strike are disfavored by the courts and rarely granted, especially so when they delay the litigation with little corresponding benefit." Steven Baicker-McKee et al., *Federal Civil Rules Handbook*, Rule 12(f), p. 498–99 (2020).

The eleven defenses in dispute are four, five, nine, sixteen, seventeen, eighteen, nineteen, twenty-two, twenty-four, twenty-six, thirty-three. The plaintiff primarily contends the defenses are conclusory and fail to include sufficient facts to comply with pleading standards. Doc. 13 at 5–21. The plaintiff contends the Court should strike some defenses for additional reasons:

- the fourth defense ("Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff (and any putative class members) performed dance entertainment at Bottomz Up as an independent contractor, and is therefore precluded from invoking the provisions of the FLSA, the Florida Minimum Wage Act, and the Florida Constitution, Article X, Section 24." Doc. 11 at 11) because it fails to identify a specific FLSA exemption, Doc. 13 at 5;

- the fifth defense ("Plaintiff's complaint and each purported cause of action therein, is barred to the extent that Plaintiff lacks standing." Doc. 11 at 12) because standing should be raised in a motion to dismiss, Doc. 13 at 7;

- the twenty-second defense ("Plaintiff's claims are barred due to payment." Doc. 11 at 13) because it is "unintelligible" and could be duplicative of the sixteenth defense ("Plaintiff's damages and claims are barred to the extent that Defendants are entitled to setoffs." Doc. 11 at 13), Doc. 13 at 17; and

- the twenty-fourth defense ("Plaintiff's claims are barred due to the absence of an employment relationship between Defendants and Plaintiff." Doc. 11 at 14) because "FLSA claims are not determined on the basis of any contractual agreement between the parties," Doc. 13 at 18–19.

The Court **grants** the motion with respect to the defenses the defendants abandon and **strikes** from the answer defenses six, eight, ten, eleven, twelve, thirteen, fourteen, fifteen, twenty, twenty-one, twenty-three, twenty-seven, twenty-nine.

The Court **denies** the motion with respect to defenses four, five, nine, sixteen, seventeen, eighteen, nineteen, twenty-two, twenty-four, twenty-six, thirty-three, Doc. 13, adopting the reasoning in *Ability Housing of Northeast Florida, Inc., v. City of Jacksonville*, No. 3:15-cv-1380-J-32PDB, 2016 WL

2

816586 (M.D. Fla. Mar. 2, 2016) (unpublished), and *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (unpublished).

The plaintiff otherwise fails to satisfy the standard for striking a defense or matter from a pleading. The fourth defense need not specify an exemption; the defense only claims the plaintiff is not entitled to relief under the FLSA because she was an independent contractor. The fifth defense merely states the truism that standing is required to pursue a claim, an issue that can be raised outside a motion to dismiss. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 992 (11th Cir. 2016) ("Standing is a jurisdictional threshold question. Questions of subject matter jurisdiction may be raised at any time during the pendency of proceedings."). Neither the twenty-second defense nor the twenty-fourth defense is insufficient, redundant, immaterial, impertinent, or scandalous.

The plaintiff also moves to reply to the defendants' response. Doc. 15. The Court **denies** that motion because the parties provided sufficient briefing.

**Ordered** in Jacksonville, Florida, on April 8, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*